IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY D. DUPREE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-25-15-D |
| WARDEN HAMILTON, et al., | ) ) ) |
| Defendants. | ) ) |

## **ORDER**

Plaintiff Larry D. Dupree brought this action under 42 U.S.C. § 1983 [Doc. No. 1]. Plaintiff is a state inmate, appearing *pro se* and *in forma pauperis*. The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B), (C).

In his Complaint [Doc. No. 1], Plaintiff alleges that on February 8, 2024, he "was given a Class X Write-up … for tampering with a locking device." [Doc. No. 1, at 2]. The disciplinary hearing report reflects that Plaintiff was "found guilty of tampering with locking device" on his cell door, and there was "paper in the lock." [Doc. No. 10, at 5]. The disciplinary hearing report also reflects sanctions of Plaintiff being demoted to Level 1 for earning credits for 180 days, and the loss of "all credits earned." *Id.* Plaintiff appealed on the grounds that he was not given evidence of a cell inspection or any physical evidence of the paper allegedly found in his cell door's lock [Doc. No. 10, at 3-4]. Effective March 14, 2024, prison officials dismissed the misconduct charges "[d]ue to the inmates not being housed in the correct cell[.]" *Id.* at 2.

1

Plaintiff contends that his Class X write-up violated his constitutional right to due process because it "keeps [him] in prison longer[,] prohibits [him] from attending a state drug program . . . prohibits [him] from being transferred to a minimal security prison[,] and prohibits [him] from visitation with . . . family . . . or receiving any gang pay." [Doc. No. 1, at 2]. Plaintiff further argues that prison staff ignored his appeals, knew his ClassX write-up was incorrect, and failed to conduct proper cell inspections prior to Plaintiff's placement in the subject cell. *Id*. at 4.

Upon screening Plaintiff's Complaint, the magistrate judge issued a Report and Recommendation [Doc. No. 19], in which he recommends that Plaintiff's Complaint be dismissed for failure to state a claim. First, the magistrate judge found that—for seven of the ten defendants—Plaintiff merely alleges that these defendants ignored "grievances," "appeals," and Plaintiff's "due process." [Doc. No. 19, at 5]. The magistrate judge suggests that these allegations are insufficient as they provide almost no details and instead rely on "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For Plaintiff's allegations regarding the Class X write-up and the remaining three defendants' alleged knowledge that the Class X write-up was "wrong," that there were "no cell inspections prior to 2-8-2024," and that "the door was broke[n] prior to [Plaintiff] being placed in cell #103," the magistrate judge similarly concludes that Plaintiff has failed to "explain exactly what each of these defendants did, or failed to do, when armed with said knowledge, to violate his constitutional rights." [Doc. No. 19, at 6-7].

Plaintiff filed a timely objection [Doc. No. 20] and a subsequent response [Doc. No. 21]. In his objection [Doc. No. 20], Plaintiff alleges that the "prison officials lied and

forged dates on the date they say they dismissed [the Class X write-up]" [Doc. No. 20, at 1]; unnamed officials did not send his appeal papers back to him for several months [Doc. No. 20, at 2]; and when Plaintiff requested that the warden of his facility reinstate his credits, the warden responded with "what are the grounds for reinstatement?" [Doc. No. 20, at 4]. In his supplemental response [Doc. No. 21], Plaintiff repeatedly states that he will prove his violations of due process and reiterates that his Class X write-up should never have been issued because there were no cell inspections on his cell prior to his cell assignment.

Upon review of Plaintiff's objection and supplemental response, his additional allegations do not cause the Court to reconsider the magistrate judge's conclusion that Plaintiff's Complaint [Doc. No. 1] is lacking in factual allegations to state a claim under Section 1983.[1] Although Rule 8 does not require "detailed factual allegations," the Court agrees with the magistrate judge that Plaintiff's Complaint simply does not include facts sufficient to provide each defendant with fair notice of Plaintiff's claims. *See Eaves v. Kory*, 2024 WL 2764136, at *2 (10th Cir. 2024) (unpublished) (affirming dismissal for failure to comply with Rule 8 where "the bulk of [the plaintiff's] complaint alleges actions

---

[1] The magistrate judge also noted that Plaintiff's claims potentially arise under 28 U.S.C. § 2241. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811-12 ("[A] § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters."). Although the Court does not construe Plaintiff's Section 1983 Complaint as being brought under Section 2241, nothing in this Order prevents Plaintiff from filing a petition under Section 2241 to challenge his prison disciplinary proceedings and/or deprivation of good-time credits.

taken by groups of defendants without specifying each defendant's personal role in the alleged constitutional deprivation.").

The Court has reviewed the entirety of the Report and Recommendation, as well as the case record, and fully concurs in the Report and Recommendation. Therefore, the Court, having conducted a *de novo* review, finds that Plaintiff's objections should be overruled, and hereby **ADOPTS** the Report and Recommendation [Doc. No. 19] in its entirety.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**. A separate judgment shall be entered.

**IT IS SO ORDERED** this 23rd day of October, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge